IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARA ZACHARY <br> Plaintiff, <br><br> v. <br><br> HORACE ALLISON, only in his official capacity as CEO of the Harris County Housing Authority, <br> GERALD WOMAK [sic], <br> JOE VILLARREAL, <br> JOE ELLIS, <br> DR. ADRIANA TAMEZ, <br> KERRY WRIGHT, <br>   Commissioners of the Harris County <br>   Housing Authority, in their official <br>   capacities only <br> THE HARRIS COUNTY HOUSING AUTHORITY <br> Defendants. | No. _____ |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1331 and 1441, Defendants Harris County Housing Authority ("HCHA" or the "Authority"), Horace Allison (Allison), Gerald Womack (Womack), Joe Villarreal (Villarreal), Joe Ellis (Ellis), Dr. Adriana Tamez (Tamez), and Kerry Wright (Wright) file their Joint Notice of Removal and state:

**STATEMENT OF THE CASE**

1.  This fair housing and disability discrimination case arises under the Fair Housing Act, 42 U.S.C. §§ 3601-3631 ("FHA") and Rehabilitation Act of 1973, 29 U.S.C. §§ 720-753a ("Rehabilitation Act").

2.  Plaintiff Tara Zachary named HCHA, Allison, Womack, Villareal, Ellis, Tamez, and Wright in a lawsuit filed in the 61st District Court of Harris County, Texas styled *Tara Zachary v. Horace Allison, only in his official capacity as CEO of the Harris County Housing*


*Authority, Gerald Womak [sic], Joe Villarreal, Joe Ellis, Dr. Adriana Tamez, Kerry Wright, Commissioners of the Harris County Housing Authority, in their official capacities only, the Harris County Housing Authority*; No. 2019-69284; In the 61st District Court of Harris County, Texas. Upon information and belief, Plaintiff has not made a jury demand.

### PLAINTIFF ADMITS THAT HER CLAIMS ARISE UNDER FEDERAL LAW

3. HCHA was established by Harris County Commissioners Court on March 20, 1975 for the specific purpose of "provid[ing] low income housing in conjunction with provisions of the United States Housing Act of 1937, 42 U.S.C. §§ 1437 *et seq.*" *See* Tex. Atty. Gen. Op. DM-434 (1997) (citing TEX. LOC. GOV'T CODE ANN. § 392.052(f) for reasons Texas housing authorities exist). In this regard, Plaintiff and Defendants agree: "HCHA is the local administrator of" "a federally subsidized housing program." Pet. ¶ 19.

4. Precisely for this reason, Plaintiff's Petition contains numerous admissions that her causes of action arise under the FHA and Rehabilitation Act. Specifically, she alleges in paragraphs 15-22, and 6 [sic] of her Petition that she "is a disabled individual . . . [who] has been a recipient of housing assistance through the *Section 8 Housing Choice Voucher* ("Voucher") [sic] for over 10 years," "[i]n order to qualify for her housing assistance, Zachary's income and source for her income is reported annually to HCHA" and, therefore, "[a]t least once each year for the last 2-3 years, HCHA has provided written certification *to the federal government* that it has verified the source and amount of Zachary's income," "Tom [is] a private landlord who was willing to accept her *[Housing Choice] Voucher*," "*DEFENDANTS AND THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM[:] The Section 8 Housing Choice Voucher Program ('the HCV Program') is a federally subsidized housing program administered on the national level by the United States Department of Housing and Urban Development ('HUD')*"

2

while "*HCHA is the local administrator of the HCV Program through which Zachary receives her Voucher,*" "*HCHA's Administrative Plan incorporates, and is subject to, the federal rules and procedures for the HCV program,*" "*HCHA's official policies . . . incorporate the federal requirements*" promulgated by HUD in accordance with the FHA, and the individual Defendants are responsible for ensuring compliance with "*federal law.*" (emphasis added).  Pet. ¶¶ 15-22.

5. Plaintiff's Petition also references HCHA's Administrative Plan which, itself, contains (literally) hundreds of references to the Federal statutes, regulations, and guidances that apply to the HCV Program.  As just one example, in paragraph 41, Plaintiff asserts that:

> HCHA's official policy, as set out at Part 2-II.E of the Administrative Plan, states 'The PHA must approve a request for an accommodation if the following three conditions are met:
>
> a. The request was made by or on behalf of a person with a disability.
>
> b. There is a disability-related need for the accommodation.
>
> c. The requested accommodation is reasonable, meaning it would not impose an undue financial and administrative burden on [HC]HA, or fundamentally alter the nature of [HC]HA's HCV operations (*including the obligation to comply with HUD requirements and regulations*). [sic]

(emphasis added).

6. As referenced in Petition paragraph 41, the subject of Chapter 2 of HCHA's Administrative Plan is "disability discrimination prohibited by the Fair Housing Act."  (Ex. 1).[1] Similarly, Paragraph II.E of the Plan expressly incorporates the guidances entitled "Joint Statement of the Departments of HUD and Justice: Reasonable Accommodations under the Fair Housing Act" and HUD "Notice PIH 2010-26," each of which discusses disability discrimination in housing programs covered by federal law.  *Id.*  (Ex. 2;  Ex. 3).

---

[1] To preserve space, only Chapters 1 and 2, and the Table of Contents, of the Administrative Plan are attached as Exhibit 1.

7. Indeed, the very first paragraph of the Administrative Plan provides notice to Plaintiff that HCHA "receives its funding for the Housing Choice Voucher (HCV) program from the [United States] Department of Housing and Urban Development," and has "enter[ed] into an Annual Contributions Contract with HUD to administer the program requirements on behalf of HUD." As a result, HCHA "must ensure compliance with federal laws, regulations and notices and must establish policy and procedures to clarify federal requirements and to ensure consistency in program operation." (Ex. 1).

8. Paragraph 1-IB of the Administrative Plan declares that "[t]he Section 8 tenant-based Housing Choice Voucher (HCV) assistance program is funded by the federal government and administered by the Harris County Housing Authority (HCHA) for the jurisdiction of Harris County, Texas." (Ex. 1).

9. Finally, Plaintiff's exhibits A,D-E, H-J are replete with references to various federal statutes, regulations, and guidances. In fact, in the document Plaintiff titles "Appeal of Informal Hearing Decision," her attorneys acknowledge time and again that this case is based upon federal law. (Pet. @ Ex. I) (arguing "[t]he hearing officer's decision is contrary to applicable Federal . . . law, HUD regulations or requirements of the annual contributions contract between HUD and [HCHA]" and referencing 24 C.F.R. §§ 966.54, .57, .551, .552, .555; *Goldberg v. Kelly*, U.S. 254 (1970); and *Robinson v. DC Hous. Auth.*, 660 F.Supp.2d 6 (D.D.C. 2009)).

10. The "Section 8 Housing Choice Voucher" program terms and conditions referenced throughout the Petition and Administrative Plan are contained in 24 CFR §§ 982.1-.643, which HUD promulgated under Section 8 of the United States Housing Act of 1937, 42 U.S.C § 1437f.

11. Likewise, the provisions of the Rehabilitation Act forbidding discrimination on the basis of disability are incorporated into Section 3604 of the FHA and 24 C.F.R. §§ 8.1, 8.4(a). *Brown v. Harris Cnty. Hous. Auth.*, No. 4:15-CV-02847, 2018WL3080880 at *7-8, (S.D. Tex. Jan. 11, 2018) adopted 2018WL1250445 (Mar. 12, 2018), appeal dism'd No. 18-20224, 2018 WL 4922955 (5th Cir. Jul. 2, 2018) (attached as Ex. 4).

12. Thus, the acts or omissions alleged against HCHA and the individuals directly relate to Plaintiff's receipt or termination of benefits under the FHA, and a supposed failure to accommodate under the FHA and Rehabilitation Act. Consequently, the court must conclude that Plaintiff's claims arise under federal law and removal is warranted.

## TIMELINESS OF REMOVAL

13. On September 24, 2019, Plaintiff e-mailed some of the Defendants a copy of Plaintiff's Original Petition. Because less than 30 days have passed since Defendants received notice, this removal is timely under 28 U.S.C. § 1446(b).

## ATTACHMENT OF STATE COURT PLEADINGS

14. Defendants have attached to this Notice as Exhibit 5, all executed state court process. Copies of the relevant state court pleadings are attached as Exhibit 6, state court orders are attached as Exhibit 7, and the docket sheet is attached as Exhibit 8. An Index of Matters Being Filed is Exhibit 9. Exhibit 10 is a list of all counsel of record.

## NOTICE OF REMOVAL GIVEN TO STATE COURT

15. Defendants have filed a Notice of Removal to Federal Court with the 61st Judicial District Court of Harris County, Texas on the date of this filing with the United States District Court for the Southern District of Texas, Houston Division. A copy of the notice provided to the state court is attached to this Notice and is contained in Exhibit 11.

THEREFORE, Defendants, Harris County Housing Authority ("HCHA" or the "Authority"), Horace Allison (Allison), Gerald Womack (Womack), Joe Villarreal (Villarreal), Joe Ellis (Ellis), Dr. Adriana Tamez (Tamez), and Kerry Wright (Wright) respectfully request that further proceedings in the state court action be discontinued, that Cause Number 2019-69284, in the 61st District Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division, and that this court assume full jurisdiction over the action as provided by law.

Respectfully submitted,

_____
Scott Lemond, General Counsel
Assistant Harris County Attorney
State Bar No. 0791097
P.O. Box 53028
Houston, Texas  77052
Telephone:  (713) 669-4510
Telecopier:  (713) 669-4594

ATTORNEYS FOR DEFENDANT
HARRIS COUNTY HOUSING
AUTHORITY

OF COUNSEL

VINCE RYAN
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas  77002
Telephone:  (713) 755-5101
Telecopier:  (713) 755-8924

## CERTIFICATE OF SERVICE

I certify that I served a copy of this document to all counsel of record in accordance with the Federal Rules of Civil Procedure on October 3, 2019.

Scott Lemond